**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RAYE TRAYLOR,<br><br>             Plaintiff,<br>v.<br>ROSEDALE TRANSPORT LIMITED<br>and HAROLD ARTHUR LAKE,<br><br>          Defendants. | CIVIL CASE NO.<br>1:23-CV-03313-LMM |

## <u>PRETRIAL ORDER</u>

1.

There are no motions or other matters pending for consideration by the court except as noted:

<u>For Plaintiffs: Plaintiff reserves the right to file any Motions *in Limine* and Daubert motions at least fourteen days before the pretrial conference and/or during trial as evidentiary issues arise.</u>

<u>For Defendants: The parties reserve the right to file any motion(s), including but not limited to motions *in limine,* as permitted by the rules or with the Court's permission. Defendant also reserves the right to object to any medical causation narratives subsequently introduced by Plaintiff.</u>

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

Plaintiff: Plaintiff will take the depositions of Defendants' Experts: Dr. Nathan Carrington and Dr. Douglas Pahl.  Plaintiff will take the evidentiary deposition(s) of Caitlin Civiello, MD, LCP and Plaintiff's treating providers to the extent they are not available to appear live at trial.

For Defendants: All discovery has been completed. Defendants object to Plaintiff deposing Dr. Carrington or Dr. Pahl as discovery has closed. Defendants reserve the right to take Dr. Carrington and Dr. Pahl's evidentiary depositions for preservation if they are not available for trial.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

<u>For Defendants: The names of the parties are correct. There is no claim of misjoinder or non-joinder. Defendant Harold Arthur Lake preserves the jurisdictional defenses raised in his Answer by Special Appearance (Doc. 34).</u>

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

<u>For Defendants: Defendant Harold Arthur Lake preserves the jurisdictional defenses raised in his Answer by Special Appearance (Doc. 34).</u>

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

<u>Plaintiff</u>:

Riley Snider, Esq.
J. Martin Futrell, Esq.
Morgan & Morgan
11605 Haynes Bridge Road
Suite 490
Alpharetta, Georgia 30009
rsnider@forthepeople.com
martin.futrell@forthepeople.com

Defendants:

> Lawrence Lee Washburn, IV, Esq.
> Kristina Thompson, Esq.
> 3348 Peachtree Rd. NE
> Suite 1400
> Atlanta, GA 30326
> Telephone: (470) 419-6650
> Facsimile:  (470) 419-6651
> lee.washburn@wilsonelser.com
> kristina.thompson@wilsonelser.com

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

The parties do not object to Plaintiff presenting opening and closing arguments to the jury.

7.

The captioned case shall be tried (**X**) to a jury or (  )  to  the  court  without  a jury, or (      ) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

<u>For Plaintiffs: Plaintiff does not request that the compensatory damages phase trial be bifurcated.  The only issues to be resolved by a jury are proximate cause and damages.  However, Plaintiff request the ability to recover attorneys' fees and litigation expenses pursuant to O.C.G.A. § 9-11-68, if applicable after entry of judgment.</u>

<u>For Defendants: Trial should be bifurcated as it relates to punitive damages.</u>

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.

The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted

to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to plaintiff's voir dire questions:

<u>Defendants' Objections to Plaintiff's proposed voir dire questions in Attachment A:</u>

8.  <u>Defendants object to Plaintiff's proposed question 8 as it seeks to have the jury pre-determine a measure or propriety of damages, which is a matter of proof and evidence.</u>

9. <u>Defendants object to Plaintiff's proposed question 9 as it seeks to have the jury pre-determine a measure or propriety of damages, which is a matter of proof and evidence.</u>

12.<u>Defendants object to Plaintiff's proposed question number 12 as defense firm Wilson Elser and the Defendants' counsel have no pecuniary interest in the outcome of this case, therefore they should not be the subject of voir dire or qualification.</u>

16.<u>Defendants object to Plaintiff's proposed question number 16 as it seeks to pre-argue the case.</u>

17. Defendants object to Plaintiff's proposed question 17 as it seeks to impose a standard for damages that is improper. The measure of damages is to make the Plaintiff whole, not to hold a Defendant(s) accountable.

22. Defendants object to Plaintiff's proposed question 22 as it seeks to have the jury pre-determine a measure or propriety of damages, which is a matter of proof and evidence.

23. Defendants object to Plaintiff's proposed question 23 as it seeks to have the jury pre-determine a measure or propriety of damages, which is a matter of proof and evidence.

25. Defendants object to Plaintiff's proposed question 25 as it seeks to have the jury pre-determine a measure or propriety of damages, which is a matter of proof and evidence.

26. Defendants object to Plaintiff's proposed question 26 as it seeks to have the jury pre-determine a measure or propriety of damages, which is a matter of proof and evidence.

State any objections to defendant's voir dire questions:

Plaintiff's Objections: Plaintiff does not have any objections to Defendants' voir dire questions.

State any objections to the voir dire questions of the other parties, if any:

<u>N/A.</u>

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

<u>No additional strikes are requested at this time; however, the parties do reserve the right to seek additional strikes from the Court should circumstances arise during voir dire that may require them.</u>

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

<u>There is no pending related litigation that the parties are aware of</u>.

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes,

8.

ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

Attachment "C" is attached hereto.

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

Attachment "D" is attached hereto.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

Attachment "E" is attached hereto.

17.

The legal issues to be tried are as follows

By Plaintiff: Causation, Damages, Attorneys Fees and Punitive Damages.

For Defendants:

1. Whether or to what degree the subject accident proximately caused the damages alleged by Plaintiff;

2. Necessity and/or reasonableness of Plaintiff's medical treatment;

3. Whether Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense to entitle her to recover litigation expenses and fees under O.C.G.A. § 13-6-11;

4.  Whether Defendants were reckless, willful, wanton or demonstrated a conscious indifference as to entitle Plaintiff to punitive damages.

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which

an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

The Parties have attached lists of proposed exhibits. Attachment "G-1" is a list of Plaintiff's proposed exhibits and Attachment "G-2" is a list of Defendants' proposed exhibits. Attachment "G-3" is Plaintiff's Objections to the Defendants' proposed exhibits, and Attachment "G-4" is Defendants' Objections to Plaintiff's proposed exhibits.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case

is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

The parties may introduce for cross examination or impeachment purposes, portions of the depositions of those persons who have been deposed during the course of this litigation. The parties agree that they shall be permitted to use any deposition of any witness at trial for any purpose allowed under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and Local Rules, including, but not limited to any witness who is or may be unavailable.

## 21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

<u>The parties request that they be permitted to file trial briefs, if any, with the Court no later than fourteen (14) days prior to start of trial, with any responses to such briefs being filed seven (7) days prior to trial.</u>

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

<u>The parties will submit their requested charges by 9:30 a.m. on the date that this case is calendared (or specifically set) for trial.</u>

15.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

The parties respectfully request that they be permitted to submit proposed verdict forms with their jury instructions.

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

The parties do not seek additional time for argument.

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

N/A.

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on April 9, 2025, to discuss in good faith the possibility of settlement of this case. The court (**X**) has or (      ) has not discussed settlement of this case with counsel. It appears at this time that there is:

(    ) A good possibility of settlement.

(    ) Some possibility of settlement.

( **X** ) Little possibility of settlement.

(    ) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

<u>For Defendants: If necessary, Defendants request the allowance of remote video appearances for Defendant Lake and the client representative for Defendant Rosedale as would have to travel internationally from Canada to attend.</u>

28.

The plaintiff estimates that it will require __2___ days to present its evidence. The defendant estimates that it will require __2__ days to present its evidence. It is estimated that the total trial time is ___4__ days.

17.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (**X**) submitted by stipulation of the parties or (        ) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this        day of        , 2025.

_____
Judge Leigh Martin May
United States District Court Judge


Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

Plaintiff:

>    */s/ Riley Snider*
>    Riley Snider, Esq.
>    J. Martin Futrell, Esq.
>    Morgan & Morgan
>    11605 Haynes Bridge Road
>    Suite 490
>    Alpharetta, Georgia 30009
>    rsnider@forthepeople.com

Defendants:

>    */s/ Lawrence Lee Washburn, IV.*
>    Lawrence Lee Washburn, IV, Esq.
>    Kristina Thompson, Esq.
>    3348 Peachtree Rd. NE
>    Suite 1400
>    Atlanta, GA 30326
>    Telephone: (470) 419-6650
>    Facsimile:  (470) 419-6651
>    lee.washburn@wilsonelser.com
>    kristina.thompson@wilsonelser.com